1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL Al-HIZBULLAHI, a.k.a. TIM TYSON,       ) | No. C 04-4903 MMC (PR) |
|     ) | |
|     ) | **ORDER ON REVIEW OF** |
| Plaintiff,     ) | **SECOND AMENDED** |
|     ) | **COMPLAINT; DIRECTING** |
| v.     ) | **PLAINTIFF TO FILE PROOF** |
|     ) | **OF SERVICE OR SHOW CAUSE** |
| R.G. BLEISNER, et al.,     ) | **RE: UNSERVED DEFENDANTS** |
|     ) | |
| Defendants.     ) | **(Docket No. 9)** |
| _____) | |

On November 11, 2004, plaintiff, a California prisoner then-incarcerated at Pelican

Bay State Prison ("PBSP")[1] and proceeding pro se, filed the above-titled civil rights action

pursuant to 42 U.S.C. § 1983.  On April 28, 2005, plaintiff filed a first amended complaint

("FAC"), asserting seven claims for relief against more than twenty defendants.  On

September 29, 2006, the Court found plaintiff's allegations, when liberally construed, stated

three cognizable claims for relief; additionally, the Court dismissed three of plaintiff's claims

with leave to amend and dismissed one of plaintiff's claims without leave to amend.  On

December 11, 2006, plaintiff filed a second amended complaint ("SAC"), in which he asserts

seven claims for relief against fifty-six defendants, all officials and employees at PBSP, the

California Department of Corrections and Rehabilitation ("CDCR") and Represa State

---

[1]Plaintiff currently is incarcerated at Represa State Prison.

1   Prison.

2        The Court now reviews the allegations in the SAC[2] and directs plaintiff, who has paid

3   the filing fee in this matter, either to show proof that he has served those defendants against

4   whom cognizable claims for relief have been found, or to show cause why such defendants

5   should not be dismissed from this action without prejudice.

6   **DISCUSSION**

7   A.    Standard of Review

8        A federal court must conduct a preliminary screening in any case in which a prisoner

9   seeks redress from a governmental entity or officer or employee of a governmental entity.

10  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

11  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

12  be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

13  § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

14  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C.

15  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

16  Constitution or laws of the United States was violated, and (2) that the alleged violation was

17  committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42,

18  48 (1988).

19  B.    Plaintiff's Claims

20      1.    Claims for Injunctive Relief Against PBSP Defendants and for Injunctive

21              Relief and Damages Against Represa State Prison Defendants

22       In his SAC plaintiff seeks injunctive relief and monetary damages from defendants at

23  PBSP, where plaintiff was incarcerated when he filed this action.  Plaintiff's claims for

24  monetary damages against PBSP employees and officials are discussed infra.  As plaintiff no

25  longer is incarcerated at PBSP, however, his claims for injunctive relief with respect to the

26  conditions of his confinement at PBSP will be dismissed as moot.  See Dilley v. Gunn, 64

27  _____

28      [2]The SAC supersedes the FAC.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    F.3d 1365, 1368-69 (9th Cir. 1995).

2         Plaintiff also seeks injunctive relief and monetary damages from prison officials at

3    Represa State Prison, where plaintiff currently is incarcerated.  The proper venue for

4    plaintiff's claims is the district wherein the defendants are located and the events occurred.

5    See 28 U.S.C. § 1391(b).  All of the events giving rise to plaintiff's claims against Represa

6    State Prison Officials occurred at Represa State Prison.[3]  Consequently, as Represa State

7    Prison is located in Sacramento County, and lies within the venue of the Eastern District of

8    California, the proper venue for plaintiff's claims against prison officials at Represa State

9    Prison is in the Eastern District of California.  See 28 U.S.C.§ 84(b).  Accordingly, the Court

10   will dismiss said claims without prejudice to plaintiff's raising them in a separate complaint

11   filed in the Eastern District.  See 28 U.S.C. § 1406(a).

12        2.    Placement and Retention in Administrative Segregation (7/13/03-3/29/04)

13        In his first claim, plaintiff alleges that from July 14, 2003 to November 10, 2003, he

14   was held in administrative segregation while being investigated for possible involvement in

15   an inmate conspiracy to assault or murder PBSP staff.  On November 10, 2003, plaintiff was

16   found guilty of a Rules Violation Report ("RVR") charging him with conspiracy to murder

17   and/or assault correctional staff.  As a result of the finding of guilt, plaintiff was held in

18   administrative segregation in the Security Housing Unit ("SHU") until March 29, 2004.

19   Plaintiff claims his placement and retention in administrative segregation from July 14, 2003

20   through March 29, 2004 violated his right to due process because there was no evidence to

21   support the finding that he was involved in a conspiracy to murder or assault correctional

22   staff.  All of plaintiff's administrative appeals challenging his confinement during this period

23   were denied.

24        Plaintiff's allegations, when liberally construed, state cognizable claims for relief for

25   the denial of due process.  See Sandin v. Conner, 515 U.S. 472, 477-87 (1995) (holding

26

27        [3]Plaintiff claims prison officials at Represa State Prison are violating his First
     Amendment rights by refusing to allow him to use his legally-changed name or to send and
28   receive written communications in Swahili.

1   prisoners entitled to protections of due process at hearings that result in deprivation of

2   protected liberty interest).  Plaintiff's claims may proceed against the following defendants:

3   (1) PBSP defendants Marquez, Guinn, Williams, Heaps, Bleisner, Loeffelholz,

4   Vanderhooeven, Kirkland, Polk, Bradbury, Samples and McGrath, and (2) CDCR defendants

5   Arcer, Alameida, Woodford,  Surges, Grannis and "J.L."

6                          3.   Indeterminate SHU Term (3/29/04 through 6/16/05)

7          In his second claim, plaintiff alleges he was unlawfully held in the SHU on an

8   indeterminate basis without a hearing from March 29, 2004 through June 16, 2005, and that

9   said placement negatively affected his ability to participate in programs he is required to

10  complete in order to become eligible for parole.  He further alleges that all of his

11  administrative appeals challenging his placement were denied.  Plaintiff's allegations, when

12  liberally construed, state a cognizable claim for relief.  See Wilkinson v. Austin, 545 U.S.

13  209, 223-25 (2005) (finding inmates held indefinitely in "supermax" facility without parole

14  consideration entitled to protections of due process).  Plaintiff's claim may proceed against

15  the following defendants: (1) PBSP defendants Kirkland, Griffith, Wheeler, McGrath,

16  Williams, Barlow, Cox, Powell, Jensen, Castellaw, Heaps, Puig, Dillard, O'Neill, Smelosky

17  and Sonua, and (2) CDCR defendants Duncan, Surges and Alameida.

18                          4.   Denial of Access to the Courts

19         In his third claim, plaintiff alleges that his constitutional right of access to the courts

20  was violated when his state habeas corpus petitions were denied because prison officials

21  intentionally prevented him from exhausting his administrative appeals.  Plaintiff's

22  allegations, when liberally construed, state cognizable claims for relief.  See Lewis v. Casey,

23  518 U.S. 343, 350 (1996) (holding prisoner may establish violation of constitutional right of

24  access to courts by proving he was hindered in efforts to pursue non-frivolous claim

25  concerning conviction or conditions of confinement).  Plaintiff's claims may proceed against

26  the following defendants: (1) PBSP defendants Nimrod, McGrath, Samples and Kirkland,

27  and (2) CDCR defendants Grannis, Melching, Mann, Alameida and Woodford.

28

**United States District Court**
For the Northern District of California

1

United States District Court
For the Northern District of California

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.      Denial of Outdoor Exercise

In his fourth claim, plaintiff alleges that during the period of his confinement in administrative segregation from July 14, 2003 through March 29, 2004, he received at the most two hours per week of exercise, and that his administrative appeals requesting additional exercise time were denied.  Plaintiff's allegations, when liberally construed, state a cognizable Eighth Amendment claim for the denial of exercise.  See Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996) (holding prisoners confined to continuous long-term segregation may not be deprived of outdoor exercise).  Plaintiff's claims may proceed against the following defendants: (1) PBSP defendants Williams, Cabrera, Polk, Kirkland and McGrath, and (2) CDCR defendant Woodford.

6.      Forfeiture of Time Credits

In his fifth claim, plaintiff alleges that on June 16, 2003, he was wrongly found guilty of an RVR for making false allegations against a staff member, and as a result had sixty days of time credits forfeited.  All of plaintiff's administrative appeals challenging the forfeiture were denied.  Plaintiff's allegations, when liberally construed, state a cognizable claim for the denial of due process against the following defendants: (1) PBSP defendants Kirkland, Samples, Miller, Webster, Williams, Polk, Brune, Kays and Moore, and (2) CDCR defendants Grannis, Mann and Woodford.

7.      Refusal to Recognize Legal Name Change

In his sixth claim, plaintiff alleges he was denied his rights under the First Amendment and to equal protection because prison officials would not allow him to use his legally-changed religious name.  Plaintiff's allegations, when liberally construed, state a cognizable claim for relief.  See Malik v. Brown, 71 F.3d 724, 729-730 (9th Cir. 1995) (holding prisoners have First Amendment right to use of religious name).  Plaintiff's claim may proceed against the following defendants: (1) PBSP defendants Schwartry, McGrath, Nimrod, Kun and Tholl, and (2) CDCR defendants Woodford and Alameida.

8.      Denial of Access to Mail

In his seventh claim, plaintiff alleges that his First Amendment rights were violated

5

United States District Court
For the Northern District of California

1  when PBSP Warden McGrath banned plaintiff from receiving any mail that included the

2  Swahili language and prison officials denied plaintiff's administrative appeals of the ban.

3  Plaintiff's allegations, when liberally construed, state a cognizable claim for relief.  See

4  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (holding prisoners enjoy First

5  Amendment right to send and receive mail); see also Turner v. Safley, 482 U.S. 78, 89 (1987)

6  (providing prison may adopt regulations or practices impinging on prisoner's First

7  Amendment rights only where regulations "reasonably related to legitimate penological

8  interests"); Ortiz v. Fort Dodge Correctional Facility, 368 F.3d 1024, 1026-27 (8th Cir. 2004)

9  (finding "English only" rule precluding inmates' receiving mail in foreign language

10  permissible where officials demonstrated rule reasonably related to legitimate penological

11  needs).  Plaintiff's claim may proceed against the following defendants: (1) PBSP defendants

12  Schwartry, Storr, Uptergrove, Dillard, Kays and McGrath, and (2) CDCR defendants Grannis

13  and Woodford.

14  C.    Service

15      As plaintiff is not proceeding in forma pauperis in this action, he may not rely on the

16  United States Marshal or the officers of the Court for service.  Cf. 28 U.S.C. § 1915(d); Fed.

17  R. Civ. P. 4(c)(2).  Consequently, plaintiff is responsible for serving all of the defendants

18  against whom cognizable claims for relief have been found; no defendant has made an

19  appearance in this action, however, and there is no indication in any of the papers filed herein

20  that any defendant has been served with the summons and SAC in accordance with the

21  Federal Rules of Civil Procedure.  Specifically, Rule 4(m) of the Federal Rules of Civil

22  Procedure provides:

23      If service and summons of a complaint is not made upon a defendant within
       120 days after the filing of the complaint, the court, upon motion or on its own
24      initiative after notice to the plaintiff, shall dismiss the action without prejudice
       as to that defendant or direct that service be effected within a specified time;
25      provided that if the plaintiff shows good cause for the failure, the court shall
       extend the time for service for an appropriate period.
26

27  Fed. R. Civ. P. 4(m).

28      Here, the original complaint, the FAC and the SAC (which supercedes both the

original complaint and the FAC) all have been pending for more than 120 days and it appears that service upon defendants has not been effectuated; accordingly, plaintiff must either provide the Court with proof that each defendant has been properly served with the summons and SAC in accordance with the Federal Rules of Civil Procedures, or show cause why the SAC should not be dismissed without prejudice as to any unserved defendant pursuant to Rule 4(m).

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.  Plaintiff's claims for injunctive relief against defendants at PBSP are hereby DISMISSED as moot.

2.  Plaintiff's claims against prison officials at Represa State Prison are hereby DISMISSED without prejudice to plaintiff's raising such claims in a separate complaint filed in the United States District Court for the Eastern District of California.

3.  Plaintiff states cognizable claims for relief as set forth above.

4.  <u>Within **sixty (60) days** of the date this order is filed plaintiff shall either provide the Court with proof of service of the summons and SAC upon the remaining defendants, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

5.  It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

IT IS SO ORDERED.

DATED: April 23, 2008

MAXINE M. CHESNEY
United States District Judge

United States District Court
For the Northern District of California

7