IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL Al-HIZBULLAHI, a.k.a. TIM TYSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>R.G. BLEISNER, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 04-4903 MMC (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE PROOF OF SERVICE**<br><br>**(Docket No. 19)** |

　　　　On November 11, 2004, plaintiff, a California prisoner then-incarcerated at Pelican Bay State Prison ("PBSP")[1] and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On April 28, 2005, plaintiff filed a first amended complaint ("FAC"), asserting seven claims for relief against more than twenty defendants. On September 29, 2006, the Court found plaintiff's allegations, when liberally construed, stated three cognizable claims for relief; additionally, the Court dismissed three of plaintiff's claims with leave to amend and dismissed one of plaintiff's claims without leave to amend. On December 11, 2006, plaintiff filed a second amended complaint ("SAC"), in which he asserted seven claims for relief against fifty-six defendants, all officials and employees at PBSP, the California Department of Corrections and Rehabilitation ("CDCR") and Represa

---

[1] Plaintiff currently is incarcerated at Represa State Prison.

State Prison.

On April 23, 2008, the Court reviewed the allegations in the SAC and directed plaintiff, who is not proceeding in forma pauperis ("IFP") and has paid the filing fee in this matter, either to show proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice. Specifically, the Court informed plaintiff of his obligation to serve defendants, as follows:

> As plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal or the officers of the Court for service. Cf. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2). Consequently, plaintiff is responsible for serving all of the defendants against whom cognizable claims for relief have been found; no defendant has made an appearance in this action, however, and there is no indication in any of the papers filed herein that any defendant has been served with the summons and SAC in accordance with the Federal Rules of Civil Procedure. Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:
>
>> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.
>
> Fed. R. Civ. P. 4(m).
>
> Here, the original complaint, the FAC and the SAC (which supercedes both the original complaint and the FAC) all have been pending for more than 120 days and it appears that service upon defendants has not been effectuated; accordingly, plaintiff must either provide the Court with proof that each defendant has been properly served with the summons and SAC in accordance with the Federal Rules of Civil Procedures, or show cause why the SAC should not be dismissed without prejudice as to any unserved defendant pursuant to Rule 4(m).

(Order, filed Apr. 23, 2008, at 6-7.)

On May 9, 2008, plaintiff filed a "Motion Showing Cause Re: Unserved Defendants and Seeking Clarification," in which he states that he did not previously serve defendants because he had been under the impression that he could rely on the United States Marshal for service. Plaintiff asks the Court to clarify the procedures by which he must serve defendants, including whether he must serve the Attorney General with a copy of the SAC and summons

2

and whether he may engage in discovery to obtain defendants' addresses.

The procedures for serving individuals are set forth at Rule 4(e), which provides service must be effected:

> (1) pursuant to the law of the state in which the district court is located, or in which the service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The Court cannot provide plaintiff with legal advice as to whether he must serve the Attorney General with a copy of the SAC and summons.

Plaintiff asks whether he may engage in discovery to obtain defendants' addresses; as no defendant has yet been served in this matter, however, there is no party upon whom plaintiff can serve discovery requests. Further, the Court is aware of no authority that any non-party or the Attorney General has an obligation to provide plaintiff with defendants' addresses. Plaintiff is therefore responsible for obtaining the addresses where defendants can be served.

Plaintiff asks the Court to provide him with a summons for each of the fifty-six defendants. Rather than completing a separate summons for each defendant, however, plaintiff may complete one summons with an attached page listing all defendants. Accordingly, the Court will provide plaintiff with a summons and return envelope. Upon completing the summons and attached page listing all defendants, plaintiff must return the original and one copy to the Clerk of the Court, together with the return envelope bearing plaintiff's address. The Clerk will then issue the summons and return it to plaintiff. Plaintiff is responsible for making enough copies of the issued summons and SAC to serve on each defendant.

Finally, plaintiff asks for an extension of time in which to serve defendants. Good cause appearing, plaintiff's request is hereby GRANTED. Accordingly, no later than August 29, 2008, plaintiff shall provide the Court with proof that defendants have been

3

1 properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show
2 cause why the complaint should not be dismissed without prejudice as to each unserved
3 defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.
4     This order terminates Docket No. 19.
5     IT IS SO ORDERED.
6 DATED: July 7, 2008

7 _____
MAXINE M. CHESNEY
United States District Judge