IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R.G. BLEISNER, et al.,<br><br>　　　　　Defendants.<br>_____ | No. C 04-4903 MMC (PR)<br><br>**ORDER DENYING REQUEST TO COMPEL PRISON OFFICIALS TO PROVIDE COPIES OF SUMMONS AND COMPLAINT; GRANTING REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANTS; DIRECTING CLERK TO SERVE COPY OF ORDER ON WARDEN AT REPRESA STATE PRISON**<br><br>**(Docket Nos. 27, 28 & 29)** |

　　　　On November 11, 2004, plaintiff, a California prisoner incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983.  On April 23, 2008, the Court reviewed the allegations in the second amended complaint and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice.

　　　　On July 7, 2008, the Court granted plaintiff an extension of time to August 29, 2008, to comply with the Court's order.  On July 24, 2008, plaintiff filed a request to proceed in forma pauperis in order that service of the complaint and summons on each defendant be made by the United States Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure.  On August 1, 2008, the Court denied plaintiff's request; the Court again ordered plaintiff to comply with the Court's April 23, 2008 order, and to do so on or by August 29, 2008.  On August 28, 2008, the Court granted plaintiff a second extension of time, to

October 1, 2008, to serve defendants.

On September 12, 2008, plaintiff filed the instant request for a further extension of time to serve defendants. The request is based on plaintiff's representation that prison officials at Represa State Prison are violating prison regulations and plaintiff's constitutional right of access to the courts by refusing to provide him with forty-five copies of the summons and complaint, which copies he requires in order to serve defendants. Specifically, plaintiff claims prison officials have refused to provide him with such copies because, even though plaintiff is not proceeding in forma pauperis in the instant action, prison officials insist that plaintiff is required only to serve the Attorney General's office with one copy of the summons and complaint, and is not required to serve each defendant. Plaintiff states he has shown prison officials the Court's previous orders requiring plaintiff to serve each defendant with a copy of the summons and complaint, but prison officials nonetheless have told plaintiff that without a court order they will not make enough copies of the summons and complaint for him to serve each defendant. Consequently, plaintiff asks the Court to compel prison officials to make forty-five copies of the summons and complaint so that he can serve each defendant; he also asks the Court to extend the time to serve defendants until after such copies have been made.

Plaintiff's request for a court order compelling prison officials at Represa State Prison to provide plaintiff with forty-five copies of the summons and complaint is hereby DENIED. The Court cannot compel prison officials at Represa State Prison to make such copies because said prison officials are not parties to this action and no defendant is employed at Represa State Prison.[1] See Fed. R. Civ. P. 65(d) (providing restraining order or order granting preliminary injunctive relief binds only parties to the action, their officers, agents, servants, employees and attorneys, and those "in active concert or participation with them

---

[1] Specifically, in its order reviewing the allegations in plaintiff's second amended complaint, the Court dismissed all claims against prison officials at Represa State Prison without prejudice to plaintiff's raising such claims in a separate complaint filed in the United States District Court for the Eastern District of California. (Order, filed Apr. 23, 2008, at 3:3-12.)

2

who receive actual notice of the order by personal service or otherwise."). By way of this order, however, the Court hereby CLARIFIES for prison officials at Represa State Prison that plaintiff has not been granted leave to proceed in forma pauperis in this action and, therefore, plaintiff is responsible for serving each named defendant with a copy of the summons and complaint herein. Consequently, the Court requests that, to the extent prison officials at Represa State Prison are able to do so in accordance with applicable prison regulations and state law, such prison officials provide plaintiff with the requisite number of copies of the summons and complaint for plaintiff to serve each defendant. <u>Such request does not obviate the need for plaintiff to comply with any fee or other requirements upon which prison officials may condition plaintiff's receipt of such copies.</u> If plaintiff is unable to obtain from prison officials the copies he requires, he will have to obtain the copies through other means.        In light of the above, the Court hereby GRANTS plaintiff's request for an extension of time to serve defendants. Accordingly, no later than <u>December 31, 2008</u>, plaintiff shall provide the Court with proof that defendants have been properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. As plaintiff has now been granted eight months in which to serve defendants, <u>no further extensions will be granted absent exceptional circumstances.</u>

The Clerk of the Court is hereby DIRECTED to serve a copy of this order on:

Warden James Walker
P.O. Box 290002
Represa, CA  95671-002

This order terminates Docket Nos. 27, 28 and 29.

IT IS SO ORDERED.

DATED: October 22, 2008

MAXINE M. CHESNEY
United States District Judge