IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>R.G. BLEISNER, et al.,<br><br>　　　　　Defendants.<br>_____ | No. C 04-4903 MMC (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(Docket No. 31)** |

On November 11, 2004, plaintiff, a California prisoner incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2008, the Court reviewed the allegations in the second amended complaint and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice.

On July 7, 2008, the Court granted plaintiff an extension of time to August 29, 2008, to comply with the Court's order. On July 24, 2008, plaintiff filed a request to proceed in forma pauperis in order that service of the complaint and summons on each defendant be made by the United States Marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. On August 1, 2008, the Court denied plaintiff's request; the Court again ordered plaintiff to comply with the Court's April 23, 2008 order, and to do so on or before August

29, 2008. On August 28, 2008, the Court granted plaintiff a second extension of time, to October 1, 2008, to serve defendants.

On September 12, 2008, plaintiff filed a request for a further extension of time to serve defendants, based on plaintiff's representation that prison officials at Represa State Prison have refused to provide him with forty-five copies of the summons and complaint, which copies plaintiff requires in order to serve defendants. Specifically, plaintiff claimed prison officials refused to provide him with such copies because, even though plaintiff is not proceeding in forma pauperis in the instant action, said prison officials insisted that plaintiff is required only to serve the Attorney General's office with one copy of the summons and complaint, and is not required to serve each defendant. Plaintiff stated he had shown prison officials the Court's previous orders requiring plaintiff to serve each defendant with a copy of the summons and complaint, but prison officials nonetheless told plaintiff that without a court order they will not make enough copies of the summons and complaint for him to serve each defendant. Consequently, plaintiff asked the Court to compel prison officials to make forty-five copies of the summons and complaint so that he can serve each defendant, and to extend the time to serve defendants until after such copies have been made.

By order dated October 22, 2008, the Court denied plaintiff's request for a court order compelling prison officials at Represa State Prison to provide plaintiff with forty-five copies of the summons and complaint. In so doing, the Court explained: "The Court cannot compel prison officials at Represa State Prison to make such copies because said prison officials are not parties to this action and no defendant is employed at Represa State Prison. See Fed. R. Civ. P. 65(d) (providing restraining order or order granting preliminary injunctive relief binds only parties to the action, their officers, agents, servants, employees and attorneys, and those "in active concert or participation with them who receive actual notice of the order by personal service or otherwise.")." (Order filed Oct. 22, 2008, at 2.) In particular, the Court reminded plaintiff that, in its order reviewing the allegations in plaintiff's second amended complaint, the Court had dismissed all claims against prison officials at Represa State Prison without prejudice to plaintiff's raising such claims in a separate complaint filed in the United

2

1  States District Court for the Eastern District of California.  (Id. at n.1.)

2  The Court nevertheless included the following for the benefit of prison officials at

3  Represa State Prison:

> By way of this order, however, the Court hereby CLARIFIES for prison officials at Represa State Prison that plaintiff has not been granted leave to proceed in forma pauperis in this action and, therefore, plaintiff is responsible for serving each named defendant with a copy of the summons and complaint herein.  Consequently, the Court requests that, to the extent prison officials at Represa State Prison are able to do so in accordance with applicable prison regulations and state law, such prison officials provide plaintiff with the requisite number of copies of the summons and complaint for plaintiff to serve each defendant.  <u>Such request does not obviate the need for plaintiff to comply with any fee or other requirements upon which prison officials may condition plaintiff's receipt of such copies.</u>  If plaintiff is unable to obtain from prison officials the copies he requires, he will have to obtain the copies through other means.

(Id. at 3.)

The Court also granted plaintiff a final extension of time until December 31, 2008, to provide the Court with proof that defendants have been properly served in accordance with the Federal Rules of Civil Procedure, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Finally, the Court directed the Clerk of the Court to serve a copy of the order on Warden James Walker at Represa State Prison.

On November 5, 2008, plaintiff filed the instant motion for reconsideration of the Court's order denying his request for injunctive relief.  Specifically, plaintiff asserts that the Court has jurisdiction under Rule 65(d) to compel prison officials at Represa State Prison to provide plaintiff with the requisite copies of the summons and complaint because plaintiff is suing the Director and Deputy Director of the California Department of Corrections and Rehabilitation and, thus, under Rule 65(d), an injunction may be entered with respect to prison officials at Represa State Prison because they are the parties' "officers, agents, servants, [or] employees" or are acting in concert therewith.  See Fed. R. Civ. P. 65(d)(2)(B)&(C).

Plaintiff's argument is without merit.  While prison officials at Represa State Prison

3

might, under appropriate circumstances and in accordance with Rule 65(d), be bound by a temporary restraining order or injunction entered against the parties to this action, no injunctive relief can be entered at this time because plaintiff has not yet served <u>any</u> defendant.  A court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or otherwise before the court.  See <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Accordingly, plaintiff's motion for reconsideration is hereby DENIED.

This order terminates Docket No. 31.

IT IS SO ORDERED.

DATED: November 24, 2008

MAXINE M. CHESNEY
United States District Judge