IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON, <br><br> Plaintiff, <br><br> v. <br><br> R.G. BLEISNER, et al., <br><br> Defendants. | No. C 04-4903 MMC (PR) <br><br> **ORDER DIRECTING DEPUTY ATTORNEY GENERAL EITHER TO APPEAR ON BEHALF OF DEFENDANTS OR FILE RESPONSE TO PLAINTIFF'S MOTION FOR ORDER FINDING DEFENDANTS HAVE BEEN PROPERLY SERVED; DIRECTIONS TO CLERK** |

On November 11, 2004, plaintiff, a California prisoner incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On April 23, 2008, the Court reviewed the allegations in the second amended complaint and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice.

After being granted several extensions of time to perfect service, plaintiff, on January 2, 2009, filed a document titled "Proof of Service of Service, Complaints, Summons and Waiver of Services to All Defendants and Deputy Attorney General." (Docket No. 34.) In said document, plaintiff, under penalty of perjury, asserts the following: On November 6, 2008, he sent by mail to each of the forty-five defendants a copy of the complaint, summons, and two waiver of service forms, as well as a self-addressed stamped envelope; on December 12, 2008, Deputy Attorney General Michael Quinn sent plaintiff a letter, informing plaintiff

that Quinn is representing the defendants in this action and that copies of all documents plaintiff is required to serve on defendants must be served on Quinn; on December 16, 2008, plaintiff sent Quinn a copy of Quinn's letter along with a summons, complaint, two waiver of service forms and a self-addressed stamped envelope, as is required by Rule 4(d)(1) of the Federal Rules of Civil Procedure, pertaining to waivers of service.

Thereafter, on January 21, 2009, plaintiff filed the instant motion, asking the Court to find each defendant has been properly served, or, alternatively, to enter judgment in favor of plaintiff on the ground defendants and Quinn are evading service. In support of his motion, plaintiff attaches a copy of a letter dated January 8, 2009 from Quinn to plaintiff, which letter Quinn wrote after plaintiff had responded to Quinn's December 12, 2008, letter, as noted above. In the January 8, 2009 letter, Quinn informs plaintiff that plaintiff's attempts to have the defendants in this action waive service are deficient due to plaintiff's failure to provide the requisite number of copies of waiver of service forms, and plaintiff's having mailed documents requesting waiver of service directly to Quinn, rather than to defendants. Specifically, Quinn writes that "[t]he notice of lawsuit and request for waiver of service of summons, as well as the other materials required by Rule 4, must be sent directly to [the] defendants, who can then request representation from this office."[1]

The instant action was filed more than four years ago, and approximately one year ago the Court ordered plaintiff to serve all defendants. Under such circumstances, the Court finds the resolution of this action should not be further delayed and that it is in the interests of all parties to expedite matters herein. Accordingly, given the conflicting evidence with respect to whether plaintiff has effected service on the defendants, Quinn is hereby directed either to either (a) make an appearance on behalf of the defendants, after which the Court will issue a scheduling order for dispositive motions, or (b) respond to plaintiff's motion and explain why the Court should not find defendants have been properly served.

---

[1] Plaintiff has attached copies of the above-referenced letters as exhibits to the instant motion.

Quinn shall either make such appearance or file such response to plaintiff's motion within **ten** days of the date this order is filed. If Quinn files a response, plaintiff shall file a reply thereto within **ten** days of the date the response is filed.

The Clerk shall serve a copy of this order on Deputy Attorney General Michael Quinn at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, California, 94102-7004. The Clerk shall also serve a copy of this order on plaintiff.

IT IS SO ORDERED.

DATED: April 10, 2009

MAXINE M. CHESNEY
United States District Judge

3