**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON, <br><br> Plaintiff, <br><br> v. <br><br> R.G. BLEISNER, et al., <br><br> Defendants. <br>_____ | No. C 04-4903 MMC (PR) <br><br> **ORDER DENYING MOTION TO FIND DEFENDANTS HAVE BEEN SERVED OR, ALTERNATIVELY, ARE EVADING SERVICE; DENYING MOTION TO DISMISS FOR INSUFFICIENT SERVICE; GRANTING MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS; GRANTING MOTION TO STRIKE SUR-REPLY; DIRECTIONS TO CLERK** <br><br> **(Docket Nos. 35, 39, 42, 46)** |

More than four years ago, on November 11, 2004, plaintiff, a California prisoner currently incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983.  More than one year ago, on April 23, 2008, the Court reviewed the allegations in the second amended complaint ("SAC") and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice.

After having granted plaintiff several previous extensions of time to perfect service, the Court, by order filed October 22, 2008, granted plaintiff one further extension of time,

until December 31, 2008, to provide the Court with proof defendants have been properly served in accordance with the Federal Rules of Civil Procedure. In so doing, the Court stated: "As plaintiff has now been granted eight months in which to serve defendants, <u>no further extensions will be granted absent exceptional circumstances.</u>" (Order, filed Oct. 22, 2008, at 3:17-19.) Thereafter, on January 21, 2009, plaintiff filed the instant motion, asking the Court to find each defendant has been properly served, or, alternatively, to enter judgment in favor of plaintiff on the ground defendants and their attorney, Deputy Attorney General Michael Quinn, are evading service. Specifically, plaintiff claims he sent waiver of service forms to defendants and Quinn in accord with Rule 4(d) of the Federal Rules of Civil Procedure,[1] but defendants have improperly refused to waive service.

By order filed April 10, 2009, the Court directed Quinn to either (a) make an appearance on behalf of the defendants, after which the Court will issue a scheduling order for dispositive motions, or (b) respond to plaintiff's motion and explain why the Court should not find defendants have been properly served. In response to the Court's order, Quinn has specially appeared on behalf of defendants and filed a motion to dismiss the SAC under Rule 12(b)(5) for insufficient service of process. Plaintiff has opposed the motion, defendants have filed a reply, and plaintiff has filed a sur-reply, in which he argues defendants should be sanctioned.[2]

In an action brought in federal court, an individual defendant has a duty to avoid unnecessary expenses of serving the summons. Fed. R. Civ. P. 4(d)(1). Consequently, the rules pertaining to service allow the plaintiff to notify a defendant that an action has been commenced and request that the defendant waive service of a summons. Id. Rule 4(d)

---

[1] All statutory references hereinafter are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Defendants have filed a motion to strike plaintiff's sur-reply on the ground plaintiff did not seek permission to file a sur-reply, as required by the Northern District of California's Local Rules. Specifically, Civil Local Rule 7-3 provides, in pertinent part, that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior court approval." Civ. L. R. 7-3(d). Good cause appearing, defendants' motion will be granted and the sur-reply will be stricken.

2

expressly requires: that the notice and request for waiver: (1) be in writing and addressed to the individual defendant; (2) name the court where the complaint was filed; (3) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form; (4) inform the defendant, "using the text described in Form 5,"[3] of the consequences of waiving and not waiving service; (5) state the date on which the request is sent; (6) give the defendant a reasonable time of at least thirty days after the request was sent to return the waiver; and (7) be sent by first-class mail or other reliable means. Fed. R. Civ. P. 4(d)(1)(A)-(G). If the defendant agrees to waive service by returning the waiver to the plaintiff, the date of service is deemed to be the date on which the plaintiff files the waiver form with the court. Fed R. Civ. P. 4(d)(4). If a defendant fails, without good cause, to sign and return a waiver requested by a plaintiff, the court must impose on the defendant the costs of service. Fed. R. Civ. P. 4(d)(2).

Although Rule 4(d) authorizes a plaintiff to request waiver of service, a defendant is not required to respond to the request. Consequently, if a defendant fails to respond to a request for wavier, the plaintiff nonetheless must effect service of process on that defendant in a timely manner under Rule 4(m). See William W. Schwarzer, et al., Federal Civil Procedure Before Trial § 5:90 (2009) (citing Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998) and Cambridge Holdings Group, Inc. v Federal Ins. Co., 489 F.3d 1356, 1362 (D.C. Cir. 2007)).

Here, it is undisputed that defendants have not returned to plaintiff any waiver of service forms. Nevertheless, plaintiff claims, the Court should find defendants have been served, or, alternatively, that they are evading service, because plaintiff sent to defendants and their attorney all the documents necessary for them to waive service and they have refused to do so. Specifically, plaintiff states that he sent to defendants: two copies of the form described in Rule 4(d)(1)(D) as "Form 5," i.e., a "Notice of Lawsuit and Request

---

[3] "Form 5" is one of the standard forms found in the Appendix of Forms to the Federal Rules of Civil Procedure, and is titled "Notice of Lawsuit and Request for Waiver of Service of Summons." See Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.")

3

Waiver of Service of Summons" ("Notice of Lawsuit form"), a copy of the summons and SAC, and a self-addressed and stamped return envelope. The Notice of Lawsuit form was signed by plaintiff and dated October 29, 2008.

In opposition to plaintiff's motion, defendants argue they have neither been served nor are they evading service. Rather, they have not responded to plaintiff's request to waive service because he did not provide them with waiver of service forms in accordance with Rule 4(d)(1)(C).

In reply, plaintiff concedes he did not send defendants the requisite waiver of service forms. He argues, however, that defendants could have waived service because he substantially complied with Rule 4(d)(1)(C) by sending defendants two Notice of Lawsuit forms that they could have signed, dated and returned to him. Specifically, at the bottom of each Notice of Lawsuit form, plaintiff drew in a signature line with the word "Defendant" written underneath, and a second line preceded by the word "Date."[4] Additionally, plaintiff claims he should not be held responsible for failing to provide defendants with waiver of service forms because the Court failed to send plaintiff such forms when the Court, in response to a request from plaintiff, only sent plaintiff two copies of the Notice of Lawsuit form.

Plaintiff's arguments are without merit. Under Rule 4(d), defendants' receipt of plaintiff's request that defendants waive service does not constitute service, and defendants are not statutorily required to respond to plaintiff's request for waiver. Consequently, plaintiff's claim that he substantially complied with Rule 4(d) by sending Notice of Lawsuit forms rather than Waiver of Service forms does not establish such defendants have been served or that they are evading service.[5] Further, the Court finds unpersuasive plaintiff's

---

[4] Copies of the form sent by plaintiff to defendants are attached to the declaration submitted by defendants' counsel in support of the motion to dismiss. (See Decl. Michael J. Quinn Supp. Defs.' Mot. Dismiss ("Quinn Decl.") Exs. A-E.)

[5] If plaintiff were to succeed in serving defendants by other means, his claim of substantial compliance with the requirements of Rule 4(d) could be relevant to the Court's determination whether defendants are liable for the costs of service. See Fed. R. Civ. P.

4

1 argument that the Court is somehow responsible for plaintiff's failure to obtain waivers of
2 service from defendants because the Court did not send plaintiff the waiver of service forms.
3 Specifically, the record in the instant matter shows plaintiff never requested such forms from
4 the Court. In particular, plaintiff, in a motion filed April 15, 2008, asked the Court for an
5 extension of time to comply with Rule 4(d) by sending each defendant two copies of "Form
6 5"; he concluded the motion with the following request: "For the foregoing reasons
7 enumerated above plaintiff request for an extension of time & "Form 5"; and pray this
8 Honorable Court grant requested said relief." (Motion, filed Aug. 15, 2008, at 2:20-22.)
9 Thereafter, by order filed August 28, 2008, the Court granted plaintiff's motion and directed
10 the Clerk to send plaintiff "two copies of the court's form titled "Notice of Lawsuit and
11 Request for Waiver of Service of Summons." (Order, filed Aug. 28, 2008, at 2:8-12.)  As
12 noted, that form is the same form as described as "Form 5" in the Appendix of Forms to the
13 Federal Rules of Civil Procedure. The Clerk sent the requested copies of the Notice of
14 Lawsuit form to plaintiff on August 29, 2008. (Docket No. 26.)   Plaintiff has never asked
15 the Court to send him waiver of service forms, which forms are designated "Form 6" in the
16 Appendix of Forms; additionally, and contrary to plaintiff's assertions, nothing in plaintiff's
17 express request for "Form 5" should have led the Court to infer that plaintiff also needed
18 "Form 6." Further, in view of the fact that the Clerk sent the Notice of Lawsuit forms to
19 plaintiff on August 29, 2008, and plaintiff did not send those forms to defendants until
20 October 29, 2008, plaintiff had more than sufficient time to discover that he needed waiver of
21 service forms and to request them from the Court.  In sum, plaintiff alone is responsible for
22 his failure to obtain and send to defendants the requisite waiver of service forms.

23     Accordingly, as defendants did not return waiver of service forms to plaintiff and
24 plaintiff, in turn, has not filed such forms with the Court in accordance with Rule 4(d)(4), the
25 Court will deny plaintiff's motion for an order finding defendants have been served or,
26 alternatively, that they are evading service.

---

28 4(d)(2) (providing court must impose costs on defendants who do not establish "good cause" for refusal to waive service).

5

Defendants, arguing they have not been served in a timely manner under Rule 4(m), move to dismiss the SAC for insufficient service of process. See Fed. R. Civ. P. 12(b)(5). In response, plaintiff asserts he has been diligent in his attempts to serve defendants, and requests an extension of time to send defendants new requests for waivers of service. Where service is not accomplished in accordance with the time limits for service under Rule 4(m), the district court must apply a two-step analysis to determine whether to grant an extension of time for such service. In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).

First, Rule 4(m) expressly requires a district court to grant an extension of time when the plaintiff shows "good cause" for the delay. Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007). At a minimum, "good cause" means excusable neglect. Boudette v. Barnett, 923 F.2d 754, 756 (9th Cir. 1991). Here, the Court finds no good cause has been shown for plaintiff's failure to serve defendants in accordance with the service deadline of December 31, 2008. As noted, plaintiff, on October 29, 2008, sent defendants the Notice of Lawsuit forms, explaining defendants were required to return waiver of service forms to plaintiff within thirty days. Consequently, when plaintiff did not receive signed waiver of service forms from defendants by November 29, 2008, it was incumbent upon him either to take renewed steps to perfect service by the December 31, 2008 deadline, or move for an extension of time to serve defendants. Instead, plaintiff, on January 21, 2009, filed the instant motion.

As noted, plaintiff attempts to excuse his failure to accomplish service by December 31, 2008 by laying blame on the Court (for failing to provide plaintiff with waiver of service forms) and defendants (for not waiving service despite plaintiff's failure to send them waiver of service forms). While plaintiff's arguments reflect his apparent misunderstanding of the proper procedures to be used under Rule 4(d), such arguments do not demonstrate excusable neglect. In particular, plaintiff was not misled by either the Court or defendants' counsel with respect to what steps he was required to take in order to request waivers of service or, alternatively, to serve defendants in a timely manner should no waivers be obtained. Rather, plaintiff's ability to comply with the requirements of Rule 4(d), or any of the other rules

6

1 pertaining to service, was wholly within plaintiff's control, and he was responsible, just as
2 any other litigant, for familiarizing himself with and properly implementing the rules
3 applicable to the prosecution of his action. Consequently, the Court finds good cause has not
4 been shown for the delay in service, and, accordingly, will not grant an extension on that
5 ground.

6 Next, the Court considers whether to exercise its discretion under the provisions of
7 Rule 4(m) that permit the district court to grant an extension even in the absence of good
8 cause. See Efaw, 473 F.3d at 1040. In deciding whether to grant a permissive extension, "a
9 district court may consider factors like a statute of limitations bar, prejudice to the defendant,
10 actual notice of a lawsuit, and eventual service." Id. at 1041 (internal quotation and citation
11 omitted.) In the instant matter, the Court finds a discretionary extension is warranted for the
12 following reasons: plaintiff attempted to serve defendants by sending them requests for
13 waiver of service before the December 31, 2008 service deadline; defendants received actual
14 notice of the instant lawsuit in November 2008, when they received plaintiff's requests for
15 waiver of service; defendants have not argued they will be prejudiced by plaintiff's being
16 granted a limited extension of time to serve defendants with the SAC; most, if not all, of
17 plaintiff's claims are subject to a time-bar should the action be dismissed and plaintiff be
18 required to refile.

19 Based on the above, the Court will deny defendants' motion to dismiss the SAC for
20 insufficient service, and grant plaintiff one final extension of time to serve defendants.[6]
21 Should plaintiff fail to provide the Court with proof that he has served defendants in
22 accordance with the time limits set forth below, the SAC will be dismissed without prejudice
23 as to all unserved defendants.

24 Finally, the Court takes this opportunity to clarify for plaintiff that neither the Court

---

[6] Plaintiff states his request for an extension is to obtain a "waiver of service" from defendants. In granting plaintiff additional time to serve defendants under Rule 4(m), the Court expresses no opinion as to the manner in which such service should be accomplished. The Court stresses, however, that service must be accomplished by the deadline set forth herein.

7

nor the Clerk can provide plaintiff with legal advice with respect to how plaintiff must perfect service, including advice about what forms plaintiff must use to satisfy the service requirements outlined in the Federal Rules of Civil Procedure.  The court notes that plaintiff has asked the Court to provide him with "two waiver of service forms and any other forms required by FRCP, Rule 4, deem[ed] necessary by [the] Court, in order to properly effectuate service . . ." (Motion, filed Apr. 30, 2009, 1:20-24.).  While the Court can direct the Clerk to send plaintiff specific forms that plaintiff requests, neither the Court nor the Clerk can decide for plaintiff or advise him as to which "other forms" are "required" under Rule 4 in order to accomplish service.  Plaintiff is responsible for educating himself about the various service options and how they must be implemented.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for an order finding defendants have been served or, in the alternative, finding defendants are evading service, and for entry of default judgment in favor of plaintiff, is hereby DENIED.  (Docket No. 35.)

2. Defendants' motion to dismiss the SAC for insufficient service of process is hereby DENIED.  (Docket No. 39.)

3. Defendants' motion to strike plaintiff's sur-reply is hereby GRANTED.  (Docket No. 46.)

4. Plaintiff's motion for an extension of time to serve defendants is hereby GRANTED.  (Docket No. 42.)  No later than **August 15, 2009**, plaintiff shall provide the Court with proof that defendants have been properly served in accordance with the Federal Rules of Civil Procedure.  Upon plaintiff's so doing, the Court will set a briefing schedule for the filing of dispositive motions.

Should plaintiff fail to provide the Court with proof that defendants have been served by the above-deadline, the SAC will be dismissed without prejudice as to each unserved defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

5. The Clerk shall send to plaintiff two copies each of the court's forms titled "Notice

of a Lawsuit and Request to Waive Service of Summons," and "Waiver of the Service of Summons."

This order terminates Docket Nos. 35, 39, 42 and 46.

IT IS SO ORDERED.

DATED: June 29, 2009

_____
MAXINE M. CHESNEY
United States District Judge