IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON,<br><br>    Plaintiff,<br><br>v.<br><br>R.G. BLEISNER, et al.,<br><br>    Defendants.<br>_____ | No. C 04-4903 MMC (PR)<br><br>**ORDER DENYING MOTION TO COMPEL; DISMISSING ALL UNSERVED DEFENDANTS; DIRECTING DEFENDANT WOODFORD TO FILE DISPOSITIVE MOTION**<br><br>**(Docket No. 51)** |

    Almost five years ago, on November 11, 2004, plaintiff, a California prisoner currently incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. More than one year ago, on April 23, 2008, the Court reviewed the allegations in the second amended complaint ("SAC") and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice.

    After having been granted several extensions of time to perfect service, plaintiff, on January 21, 2009, filed a motion by which plaintiff sought an order finding each defendant had been properly served, or, alternatively, entry of judgment in favor of plaintiff, on the

ground defendants and their attorney, Deputy Attorney General Michael Quinn, were evading service. Specifically, plaintiff claimed he sent waiver of service forms to the named defendants and Quinn in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, and that such defendants had improperly refused to waive service.

Following full briefing of the motion by the parties,[1] the Court, by order filed June 29, 2009, denied plaintiff's motion, finding defendants had neither waived nor evaded service. Additionally, the Court denied defendants' motion to dismiss the SAC for insufficient service of process, and granted plaintiff one final extension of time to serve defendants. In particular, the Court informed plaintiff that if, by August 15, 2009, he had failed to provide the Court with proof that service had been accomplished, the SAC would be dismissed without prejudice as to all unserved defendants. (Order at 8:20-27.)

On August 12, 2009, plaintiff filed a "Motion to Compel," in which he states he is of the belief that correctional officials at Represa State Prison did not send out the envelopes plaintiff had prepared for each of forty-six defendants, and by which he requested such defendants waive service. According to plaintiff, the prison mail log shows that only six envelopes were sent out. (Mot. at 2:2-5, Ex. D at 3.) Plaintiff states he filed an administrative appeal regarding the matter, but he provides no information regarding any response. Plaintiff also states that when he realized only some of his service documents had been sent, he mailed the summonses and complaints to family members, with a request that they hire the United States Marshal to effectuate service subject to later reimbursement by plaintiff's family.

No proof of service with respect to any defendant was filed by August 15, 2009. On August 24, 2009, however, a Waiver of Service of Summons form was filed by defendant J. Woodford, whom plaintiff identifies as a former Director of the California Department of Corrections and Rehabilitation.

---

[1] The Attorney General specially appeared on behalf of defendants to oppose plaintiff's motion, and also filed a motion to dismiss the SAC under Rule 12(b)(5) for insufficient service of process.

2

Plaintiff asks the Court to compel mail room staff at Represa State Prison to provide proof that all forty-six of the defendants were "properly served" or, alternatively, to tell plaintiff what happened to his legal mail. Plaintiff's motion will be denied. At the outset, the Court notes that correctional officers at Represa State Prison are not defendants to this action and, consequently, are neither subject to the Court's jurisdiction nor legally obligated to appear in this matter. Additionally, there is no indication from plaintiff's motion that he has completed the administrative appeals process with respect to his request for information from Represa mail room staff. The preferred procedure for the resolution of any internal prison matter is through the administrative appeals process; consequently, plaintiff must first exhaust that avenue of relief before asking for court intervention. Further, as was explained to plaintiff in the Court's June 29, 2009 order, service on a defendant is deemed accomplished under Rule 4(d) only when a waiver of service form has been returned to the court. (Order at 3:8-10, 4:18-23.) Thus, even if Represa mail room staff did send the waiver of service forms as plaintiff requested, the Court, absent the return of the completed waiver of service forms, would not find defendants had been properly served. Finally, as also was explained to plaintiff in the Court's previous order, if plaintiff was of the belief that waiver of service would not be accomplished within the requisite period, he was responsible for ensuring defendants were timely served by other means. (Order at 3:14-16.)

In sum, no waiver of service form or any other proof of service has been filed with respect to any defendant other than J. Woodford. Accordingly, more than seventeen months having elapsed since plaintiff was first ordered to serve all defendants, and the most recent service deadline of August 15, 2009 having passed, all defendants other than J. Woodford will be dismissed as defendants to this action. Defendant Woodford will be ordered to respond to the complaint by filing a dispositive motion, as set forth below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. All defendants other than J. Woodford are hereby DISMISSED without prejudice as defendants to this action.

2. Within **forty-five (45)** days of the date this order is filed, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claims found to be cognizable in the Court's order dated April 23, 2008.

    a. If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendant no later than **thirty (30)** days from the date defendant's motion is filed.

    a. In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[2]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

    b. In the event defendants file a motion for summary judgment, the Ninth

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

4

Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendant shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendant or defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

required before the parties may conduct discovery.

8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 51.

IT IS SO ORDERED.

DATED: October 2, 2009

MAXINE M. CHESNEY
United States District Judge