IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUWAKKIL AL-HIZBULLAHI, a.k.a. TIM TYSON, <br><br> Plaintiff, <br><br> v. <br><br> R.G. BLEISNER, et al., <br><br> Defendants. <br> _____ | No. C 04-4903 MMC (PR) <br><br> **ORDER GRANTING EXTENSION OF TIME TO OPPOSE MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S OCTOBER 22, 2009 RULE 7-9(a) MOTION; GRANTING PLAINTIFF'S JANUARY 7, 2010 RULE 7-9(a) MOTION; DIRECTING DEFENDANTS' COUNSEL TO RESPOND TO MOTION FOR RECONSIDERATION** <br><br> **(Docket Nos. 54, 55, 59, 60, 62)** |

More than five years ago, on November 11, 2004, plaintiff, a California prisoner currently incarcerated at Represa State Prison and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Almost two years ago, the Court, by order filed April 23, 2008, reviewed the allegations in the second amended complaint ("SAC") and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice. Most recently, the Court, by order filed October 2, 2009, denied plaintiff's motion to compel prison officials at Represa State Prison to prove they mailed plaintiff's waiver of service forms, and dismissed from the action all unserved

defendants. By that same order, the Court directed defendant J. Woodford, the only defendant who waived service, to file a dispositive motion.

Now pending before the Court are plaintiff's (1) two motions for an extension of time to file opposition to Woodford's motion for summary judgment and (2) two motions for leave to file a motion for reconsideration of the Court's order denying the motion to compel and dismissing the unserved defendants

A. <u>Motions for Extension of Time</u>

On November 12, 2009, Woodford filed a motion for summary judgment. On December 7 and 15, 2009, respectively, plaintiff filed identical motions for an extension of time to file opposition thereto. (Docket Nos. 59 & 60.) Good cause appearing, plaintiff's motions will be granted. Plaintiff shall file his opposition no later than **March 8, 2010.** <u>As plaintiff has now been provided almost four months in which to oppose Woodford's motion, no further extensions of time will be granted absent a showing of exceptional circumstances.</u> Defendant <u>shall</u> file a reply no later than **fourteen (14)** days after plaintiff's opposition is filed.

B. <u>Motions for Leave to File Motion for Reconsideration</u>

On October 22, 2009 and January 7, 2010, respectively, plaintiff filed motions for leave to file, pursuant to Civil Local Rule 7-9(a), a motion for reconsideration of the Court's October 2, 2009 order denying plaintiff's motion to compel and dismissing all defendants other than Woodford. (Docket Nos. 54, 55 & 62.) Before addressing plaintiff's motions, the Court summarizes below the procedural background relevant thereto.

1. <u>Background</u>

As noted, the Court, by ordered filed April 23, 2008, reviewed the allegations in the SAC and ordered plaintiff, who is not proceeding in forma pauperis and has paid the filing fee, either to provide proof that he has served those defendants against whom cognizable claims for relief have been found, or to show cause why such defendants should not be dismissed from this action without prejudice. After having been granted several extensions of time to perfect service, plaintiff, on January 21, 2009, filed a motion by which he sought

an order finding each defendant had been properly served, or, alternatively, entry of judgment in favor of plaintiff, on the ground defendants and their attorney, Deputy Attorney General Michael Quinn, were evading service. Specifically, plaintiff claimed he sent waiver-of- service forms to the named defendants and Quinn in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, and that such defendants had improperly refused to waive service.

Following full briefing by the parties, the Court, by order filed June 29, 2009, denied plaintiff's motion, finding defendants had neither waived nor evaded service. (Docket No. 49.) In so doing, the Court explained in detail the requirements for perfecting service in accordance with Rule 4(d) and also informed plaintiff that, should defendants fail to waive service, he must timely serve defendants by other means, or his claims as to each unserved defendant would be subject to dismissal. (Id. at 2:19-3:19.) By that same order, the Court denied defendants' motion to dismiss the SAC for insufficient service of process, and granted plaintiff one final extension of time to serve defendants. In granting the extension, the Court informed plaintiff that if, by August 15, 2009, he had failed to provide the Court with proof that service had been accomplished, the SAC would be dismissed without prejudice as to all unserved defendants. (Id. at 8:20-27.)

On August 12, 2009, three days before the above-referenced deadline, plaintiff filed a "Motion to Compel," in which plaintiff stated he was of the belief that correctional officials at Represa State Prison did not send out the envelopes plaintiff had prepared for each of forty-six defendants, and by which he requested such defendants waive service. (Docket No. 51.) According to plaintiff, the prison's outgoing mail log for plaintiff's July 2009 mail showed that only six envelopes had been sent out. Plaintiff stated he had filed an administrative appeal regarding the matter, but provided no information regarding any response. Plaintiff also stated that when he realized only some of his service documents had been sent, he mailed the summonses and complaints to members of his family, with a request that they hire the United States Marshal to effectuate service subject to later reimbursement by plaintiff's family.

3

No proof of service with respect to any defendant was filed by August 15, 2009. On August 24, 2009, however, a Waiver of Service of Summons form was filed by defendant Woodford, whom plaintiff identifies as a former Director of the California Department of Corrections and Rehabilitation.

The Court, by order filed October 2, 2009, denied plaintiff's motion to compel mail room staff at Represa State Prison either to provide proof that all forty-six of the defendants were "properly served" or, alternatively, to tell plaintiff what happened to his legal mail. Specifically, the Court ruled as follows:

> At the outset, the Court notes that correctional officers at Represa State Prison are not defendants to this action and, consequently, are neither subject to the Court's jurisdiction nor legally obligated to appear in this matter. Additionally, there is no indication from plaintiff's motion that he has completed the administrative appeals process with respect to his request for information from Represa mail room staff. The preferred procedure for the resolution of any internal prison matter is through the administrative appeals process; consequently, plaintiff must first exhaust that avenue of relief before asking for court intervention. Further, as was explained to plaintiff in the Court's June 29, 2009 order, service on a defendant is deemed accomplished under Rule 4(d) only when a waiver of service form has been returned to the court. (Order at 3:8-10, 4:18-23.) Thus, even if Represa mail room staff did send the waiver of service forms as plaintiff requested, the Court, absent the return of the completed waiver of service forms, would not find defendants had been properly served. Finally, as also was explained to plaintiff in the Court's previous order, if plaintiff was of the belief that waiver of service would not be accomplished within the requisite period, he was responsible for ensuring defendants were timely served by other means. (Order at 3:14-16.)
>
> In sum, no waiver of service form or any other proof of service has been filed with respect to any defendant other than J. Woodford. Accordingly, more than seventeen months having elapsed since plaintiff was first ordered to serve all defendants, and the most recent service deadline of August 15, 2009 having passed, all defendants other than J. Woodford will be dismissed as defendants to this action.

(Docket No. 53 at 3:3-23.)

2. <u>Standard of Review</u>

The Local Rules of the Northern District of California allow for the filing of motions for reconsideration of interlocutory orders entered prior to the entry of final judgment. See Civil L.R. 7-9. No such pre-judgment motion for reconsideration may be brought, however, without leave of court. Civil L.R. 7-9(a).

To proceed on a motion for reconsideration, the moving party must show at least one

of the following: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought, and that such fact or law was not known by such party at the time of the interlocutory order, despite such party's exercise of reasonable diligence; (2) the emergence of new material facts or a change of law occurring after the time of such interlocutory order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. Civil L.R. 7-9(b)(1)-(3).

### 3. Plaintiff's Motion Filed October 22, 2009

Plaintiff filed his first Rule 7-9(a) motion on October 22, 2009. (Docket No. 54.) Attached to the motion is plaintiff's proposed motion for reconsideration (Docket No.55), in which he sets forth the reasons he asserts warrant reconsideration of the Court's October 2, 2009 order. (Docket No. 53.) In particular, plaintiff argues he is entitled to file a motion for reconsideration because (1) the Court never made a factual determination as to whether Represa State Prison officials had mailed to defendants all forty-six envelopes requesting they waive service; (2) the Court erred by not finding defendants had been served, because, irrespective of whether they waived service, they had received notice of the lawsuit; (3) the Court erred by denying plaintiff's request to proceed in forma pauperis for the purpose of effectuating service by the United States Marshal pursuant to Rule 4(c); (4) the Court erred by not appointing counsel for plaintiff based on the complexity of the rules of service; and (5) the Court erred by denying plaintiff's motion to compel on the ground that Represa State Prison officials are not defendants to the instant action. As set forth below, the Court finds plaintiff, in his October 22, 2009 motion, has failed to make the showing required for leave to file a motion for reconsideration.

At the outset, the Court notes that plaintiff's October 22, 2009 motion implicates rulings beyond those made in the Court's October 2, 2009 order; specifically, plaintiff seeks reconsideration of rulings made by the Court in other orders as well. Moreover, plaintiff's motion sets forth no material difference in law or fact from that presented prior to the

5

issuance of any of the rulings to which plaintiff now objects. Similarly, the motion fails to identify any new material facts that have emerged or a change of law that has occurred after the time of such rulings, nor has plaintiff shown that the Court failed to consider either material facts or dispositive legal arguments that were presented to the Court before such rulings were made. Rather, the facts and law presented by plaintiff in his October 22, 2009 Rule 7-9(a) motion are the same facts and law as were considered by the Court when it ruled upon the matters for which plaintiff seeks reconsideration. In its prior orders, the Court explained in detail: (1) the reasons why the Court did not grant plaintiff's motion to compel or direct prison officials who are not defendants to this action to respond to plaintiff's assertions of improper conduct (Docket No. 53); (2) the reasons why plaintiff is not entitled to in forma pauperis status and service by the United States Marshal (Docket No. 22); (3) the reasons why no defendant can be deemed served pursuant to Rule 4(d) unless and until a waiver of service has been returned by the defendant (Docket No. 49); and (4) why a defendant is not responsible for costs of service for failing to waive service, unless and until such defendant is in fact served by other means. (Id.)

Further, plaintiff's difficulties in understanding service procedures do not rise to the level of "exceptional circumstances" that would warrant the appointment of counsel in this matter. See Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (holding decision to request counsel to represent indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances"). In any given case, a finding of "exceptional circumstances" requires an evaluation both of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). The procedural difficulties a pro se litigant faces in prosecuting a civil action "do[ ] not necessarily qualify the issues involved as 'complex.'" See id.

Here, plaintiff has not demonstrated a likelihood of success on the merits and he has articulated his claims more than adequately. Although plaintiff has found it necessary to educate himself about service procedures, his having to do so does not distinguish him from

6

the majority of pro se litigants, who also must educate themselves about how to litigate a civil action, whether in state or federal court. Further, the Court has been generous in granting plaintiff numerous extensions of time to learn about and comply with the requirements for service of process. Under such circumstances, the Court concludes no basis for appointment of counsel has been shown.

Accordingly, the Court will deny plaintiff's October 22, 2009 Rule 7-9(a) motion, and will strike the motion for reconsideration filed in connection therewith.

### 4. Plaintiff's Motion Filed January 7, 2010

On January 7, 2010, plaintiff filed a second Rule 7-9(a) motion, in which he seeks leave to file a motion for reconsideration on the ground he has succeeded in obtaining from Represe State Prison officials, evidence demonstrating that not all forty-six envelopes delivered for mailing by plaintiff were sent out. (Docket No. 62) Consequently, plaintiff asserts, the Court's order denying his motion to compel and dismissing all unserved defendants should be vacated.

In support of his January 7, 2010 motion, plaintiff includes a copy of a grievance he filed on August 2, 2009 at the informal level of review at Represa State Prison, in which grievance he complained that "on or around" July 7, 2009, he handed forty-six envelopes to Correctional Officer Ray for mailing, but the outgoing mail log for July 2009 shows that only six envelopes were actually mailed. (Docket No. 62 Ex. A at 4.) Specifically, the outgoing mail log submitted herein by plaintiff shows (1) that on July 14, 2009, a total of three separate envelopes addressed to individuals at the office of the California Department of Corrections and Rehabilitation in Sacramento were sent, respectively, to the attention of defendants "J. Woodford (Director)," "M.H. Jensen (Appeals Examiner)," and "J.L. (Chief Inmate Appeals Branch)," and (2) that on July 20, 2009, a total of three separate envelopes addressed to the Liaison Legal Coordinator at Pelican Bay State Prison were sent, respectively, to the attention of defendants "G. Griffith (CCH)," "R.G. Bleisner, et al. (Chaplain)," and "R. Kun (C/O)." (Docket No. 62 Ex. D at 3.)

Further, the grievance form submitted by plaintiff includes a response to plaintiff from

7

Correctional Officer Ray, dated December 10, 2009, in which Ray confirms he received all forty-six legal envelopes from plaintiff. Although Ray further states he "processed [the envelopes] according to CSP-SAC legal mail process," and "placed all forty-six envelopes into the mail bag located in the B-Facility Watch Office," (Docket No. 62 Ex. A at 4), no mail log evidencing the mailing of such additional envelopes has been provided to the Court.

The Court finds the new evidence presented by plaintiff constitutes sufficient grounds for plaintiff to proceed with a motion for reconsideration based on his argument that prison officials at Represa State Prison failed to mail forty of the forty-six envelopes requesting waiver of service, and, in the interest of resolving this matter as expeditiously as possible, the Court will construe plaintiff's January 7, 2010 Rule 7-9(a) motion as plaintiff's motion for reconsideration. Accordingly, as set forth below, defendants' counsel, Deputy Attorney General Michael Quinn, will be directed to file a response to the motion and to include therewith any and all evidence necessary to the Court's determination as to the question of whether plaintiff's envelopes requesting waiver of service were mailed by Represa State Prison officials to the forty defendants not listed on the outgoing mail log. If defendants are able to provide sufficient evidence showing plaintiff's envelopes were in fact mailed to each of those forty defendants, the Court will deny plaintiff's motion for an order setting aside the Court's prior order dismissing those defendants as unserved.[1]

Lastly, in granting plaintiff's January 7, 2010 motion for leave to file a motion for reconsideration, the Court will not reconsider the dismissal of defendants M.H. Jensen, J.L., G. Griffith, R.G. Bleisner and R. Kun. There is no dispute that the prison outgoing mail log shows plaintiff's envelopes containing requests for wavier of service were sent to those defendants, and that none of them has signed and returned to plaintiff a waiver of service.

---

[1] Plaintiff's argument that his delivery of the envelopes to prison officials for mailing constitutes service under the "mailbox rule" is unavailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding pro se prisoner's legal papers are deemed filed on date they were delivered to prison officials for mailing, as opposed to date of receipt by court clerk). As the Court has explained to plaintiff on more than one occasion, only a signed waiver of service form from a defendant will suffice to establish such defendant has waived service.

8

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motions for an extension of time to file opposition to defendant Woodford's motion for summary judgment are hereby GRANTED. (Docket Nos. 59 & 60.)

Plaintiff shall file his opposition no later than **March 8, 2010**. Defendant shall file a reply no later than **fourteen (14)** days after plaintiff's opposition is filed. No further extensions of time will be granted absent a showing of exceptional circumstances.

2. Plaintiff's October 22, 2009 motion for leave to file a motion for reconsideration is hereby DENIED, and the motion for reconsideration filed in connection therewith is hereby STRICKEN. (Docket Nos. 54 & 55).

3. Plaintiff's January 7, 2010 motion for leave to file a motion for reconsideration is hereby GRANTED, and such motion will be construed as plaintiff's motion for reconsideration. (Docket No. 62.)

Deputy Attorney General Michael Quinn shall file a response to plaintiff's motion within **twenty (20)** days of the date this order is filed. The motion shall be deemed submitted on the date the response is filed.

This order terminates Docket Nos. 54, 55, 59, 60 and 62.

IT IS SO ORDERED.

DATED: February 3, 2010

_____
MAXINE M. CHESNEY
United States District Judge